JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LILI ORDUÑA, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Q.S. SAN LUIS OBISPO, a California limited partnership; WARMINGTON HOTEL ASSOCIATES 7, L.P., a California limited partnership; WINEGARDNER & HAMMONS, INC., an Ohio corporation; and DOES 4 through 10,<br><br>Defendants. | CASE NO. 8:15-cv-00593-JLS-DFM<br><br>**FINAL JUDGMENT** |

This matter came on for hearing on December 2, 2016, at 2:30 p.m., before the Honorable Josephine L. Staton, pursuant to Rule 23 of the Federal Rules of Civil Procedure and this Court's July 18, 2016 Order Granting Preliminary Approval [Docket Entry "DE" No. 25]. On December 20, 2016, the Court entered an Order (the "Final Approval Order") granting Plaintiff's motions for (1) final approval of class action settlement and (2) attorneys' fees, costs, and incentive payment [DE No. 40].

In accordance with the Final Approval Order, and pursuant to Rules 23 and 58 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representative, Defendants Q.S. San Luis Obispo, L.P., Warmington Hotel Associates 7, L.P., and Winegardner and Hammons, Inc. (collectively, "Defendants"), and all members of the Settlement Class, which is defined as follows:

> **Settlement Class**: all current and former non-exempt employees employed by Defendants in California at any time between April 14, 2011 through July 18, 2016.

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Joint Stipulation Re: Class Action Settlement and Release, filed by the Class Representative on March 24, 2016. *See* DE 21-1, at Exhibit A attached thereto. All terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided otherwise herein.

3. Named Plaintiff shall be paid an Incentive Payment of $3,000, out of the Maximum Settlement Fund, in accordance with the terms of the Settlement Agreement and the Final Approval Order.

4. The California Labor & Workforce Development Agency shall be paid $3,750 out of the Maximum Settlement Fund, in accordance with the terms of the Settlement Agreement and the Declaration of Hernaldo J. Baltodano in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed on March 24, 2016 [DE No. 21-1].

5. Individual settlement payments shall be paid to the participating Settlement Class members out of the Net Settlement Fund, in accordance with the terms of the Settlement Agreement.

6. Class Counsel shall be paid $121,500 in attorneys' fees from the Maximum Settlement Fund in accordance with the terms of the Settlement Agreement and the Final Approval Order.

7. Class Counsel's litigation costs of $10,019.51 shall be paid out of the Maximum Settlement Fund in accordance with the terms of the Settlement Agreement and the Final Approval Order.

8. The Claims Administrator, CPT Group, Inc., shall be paid for its fees and expenses in connection with the administration of the Settlement Agreement out of the Maximum Settlement Fund, in accordance with the terms of the Settlement Agreement, in the amount of $10,000.

9. By this Judgment, the Named Plaintiff and each member of the Settlement Class who has not timely and validly requested exclusion from the Settlement by opting out (the "participating Settlement Class members") hereby release Defendants and the Released Parties (as defined in the Settlement Agreement) from the Settled Claims (as defined in the Settlement Agreement), and all of the Settled Claims are dismissed with prejudice as to the participating Settlement Class members.

10. By this Judgment, the participating Settlement Class members are permanently barred from asserting any of the Settled Claims in the future. The

parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and the Final Approval Order.

11. The Court reserves and retains exclusive jurisdiction over the Action, the Named Plaintiff, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

12. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: February 01, 2017   _____
　　　　　　　　　　　　　　　The Honorable Josephine L. Staton
　　　　　　　　　　　　　　　United States District Judge